FILED

RECEIVED

MAY 30 2018

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

IN THE MATTER OF THE SEARCH OF
THE TEXTNOW, INC. ACCOUNT
ASSOCIATED WITH TEXTNOW PHONE
NUMBER 443-422-6118

Case No. _____

18 - 1 4 2 4 BPG

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Special Agent John M. Krajnak, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant to search the content of the account associated with TextNow Inc. phone number 443-422-6118 (hereinafter the "Account").

2.      I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been since November 2005.  During my employment as an FBI Special Agent, I have been assigned to investigate violations of federal law including violent crime, organized crime, counterterrorism, and counterintelligence. I have received training and gained experience in interviewing and interrogations techniques, arrest procedures, search warrant applications, the execution of searches and seizures, communications platforms, computer networks, and various other criminal investigative procedures. I am currently assigned to the Baltimore Violent Crimes Task Force in Baltimore, Maryland. In that capacity, I have investigated numerous cases involving Hobbs Act Robbery.

3.      The facts in this affidavit come from information obtained from other agents and law enforcement officers, witnesses, my knowledge, training, and experience, and personal observations.  This affidavit is intended to show there is sufficient probable cause for the



requested warrant and does not set forth all of my knowledge about this matter. I have not omitted any information that would defeat a finding of probable cause.

4.      The applied for warrant would authorize the search of the Account.

5.      Based on my knowledge, training, and experience and the facts set forth in this affidavit, there is probable cause to believe that evidence, fruits and instrumentalities of violations of 18 U.S.C. § 1951, interference with commerce by threats or violence, 18 § U.S.C. 371, conspiracy to interfere with commerce by threats or violence, and 18 § U.S.C. 924(c) possession of a firearm in a crime of violence have been committed by JAMES ATKINSON.

## PROBABLE CAUSE

6.      The FBI Baltimore Division Violent Crimes Task Force and the Baltimore Police Department Citywide Robbery Unit are conducting a joint investigation into a commercial armed robbery that occurred in Baltimore, Maryland on February 23, 2018.

7.      On Friday, February 23, 2018 at approximately 6:16 P.M., members of the Baltimore Police Department (BPD) responded to a call for a commercial armed robbery at Auto Budget, LLC, 4127 Sunnyside Avenue, Baltimore, Maryland 21215, a car rental and auto sales business engaged in interstate commerce. Upon arrival on the scene, an Auto Budget employee told officers that he had been sitting at the front desk of the business when an unidentified black male entered. The subject sat down and asked the employee if he could get the deposit back for vehicle rental his wife had made.

8.      The subject provided the name of Paula Marie Gurley as his wife. The victim looked up the rental associated with Gurley and saw the rental car had been returned with damage. The victim advised the subject the deposit would not be returned until Gurley paid for the necessary repairs. The subject then asked the victim if he had any available vehicles to rent.

BHW

The victim advised the subject there were no vehicles available to rent at the moment. The victim asked the subject to leave because he was closing up for the night. At that time the subject stood up and pointed a black revolver at the victim and demanded money.

9.      The victim told the subject that there was money in the top drawer of his desk. The victim then provided U.S. Currency from his wallet to the subject. The subject ordered the victim to the ground and removed U.S. Currency from the top desk drawer. The subject asked the victim where the DVR box for the camera system was located, and the victim pointed to it. The subject went over to the DVR box but did not take it. The subject then took the victim's wallet and phone.

10.     The subject demanded a car from the victim. The victim told the subject that there were car keys on a desk in the back room. The subject went to the back room and took the keys to a black 2010 Hyundai Elantra. The subject then produced an electronic stun gun and attempted to shock the victim on the arm while the victim was kneeling on the floor. The victim pleaded for his safety.

11.     The subject then ordered the victim into the adjacent room. The victim walked into the next room and then ran up the stairs. The subject left the office and departed in the black 2010 Hyundai Elantra in an unknown direction. The victim then ran downstairs, called 911, and began to cancel his credit cards that were in his stolen wallet.

12.     Subsequent investigation determined two unauthorized attempts to use a credit card and debit card that had been stolen from the victim. One attempt was on Walmart.com and the other was for Boost Mobile.  For the Walmart.com order, a delivery address of 3312 Dorithan Road, Baltimore, Maryland 21215, a phone number of 443-422-6118 (the same number



that is associated with the Account), and an email address of ILOVEGUCCI88@GMAIL.COM was used.

13.     The documented renter of the vehicle referenced by the subject was determined to be Paula Marie Gurley based on records from Auto Budget. The victim advised and showed pictures of the rented car returned with damage consistent with bullet holes.

14.     Gurley was subsequently located and interviewed. She advised that, on February 2, 2018, she used her name to rent a vehicle for a black male she knows as "Breezi." Gurley had previously purchased controlled dangerous substances from "Breezi" on a few occasions. In exchange for renting the vehicle, "Breezi" had given Gurley money. Gurley was notified that the car had not been returned at some point after she gave it to "Breezi." She texted him to tell him to return it. The vehicle was returned to Auto Budget, LLC on February 13, 2018.  Soon thereafter, an Auto Budget, LLC employee contacted Gurley and told her she needed to pay for the damage to the car. The employee sent Gurley pictures of damage to the car which looked like bullet holes.

15.     Gurley described "Breezi" as a black male, approximately 200 pounds, medium/dark complexion, some facial hair, low hair cut, possibly in his 30s, approximately 5'9" to 5'10." Gurley provided a phone number of 443-854-2804 for "Breezi."

16.     The phone number was investigated through Baltimore Police Department databases and open source databases to include CLEAR. Responsive records indicated an association between 443-854-2804 and the name James Atkinson and the address 3312 Dorithan Road, 1st Floor Apartment, Baltimore, Maryland 21215. This address was the same address entered in the attempted Walmart.com order using the victim's stolen credit card. An additional phone number was determined to be associated with James Atkinson through database checks.



This number was 443-422-6118 (the number associated with the Account), which also had been used as the contact number in the attempted Walmart.com order.

17.     Investigators conducted law enforcement database checks on the name James Atkinson and identified a James Edward Atkinson, a/k/a Tayshawn Prince, with a date of birth of December 31, 1989 and a Maryland SID number 3225532. The photo and description were consistent both with the victim employee's description of the subject and Gurley's description of "Breezi."

18.     A photograph of Atkinson was shown to Gurley without name and date of birth information. Gurley positively identified the person in the photograph as "Breezi," the person for whom she rented the car from Auto Budget, LLC.

19.     Investigators showed a photographic array to the victim. The photographic array consisted of six photographs, which included a photograph of James Atkinson. The victim positively identified the photograph of Atkinson as the individual who robbed him, the business, assaulted him, and took the vehicle.

20.     A State of Maryland arrest warrant was obtained for James Atkinson and a State of Maryland search and seizure warrant was obtained for 3312 Dorithan Road, Apartment 1, Baltimore, Maryland 21215.  Atkinson was subsequently arrested and taken into custody.

21.     Investigators reviewed jail calls made by Atkinson immediately after his transport to Central Booking. Atkinson contacted a number associated with Mark Anwar Means, an associate of Atkinson, and said to Means, "Tell her the number she got...the email she got, she need to get rid of all that." I believe that Atkinson was referring to the Account phone number—443-422-6118—and the email address, ILOVEGUCCI88@GMAIL.COM that were used in the attempted purchase with the victim's credit card.



22.     On April 12, 2018, the Grand Jury for the District of Maryland returned an indictment charging Atkinson with one count of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). *See United States v. Atkinson*, Crim. No. RDB-18-205.

23.     Based on my knowledge, training, and experience, I know that individuals involved with robbery and carjacking frequently use cellular telephones, communications devices, third-party communications applications and other electronic media storage to further their illegal activities. Based upon your affiant's knowledge, training, and experience, and participation in this and other robbery investigations, I know the following:

a. The fruits, evidence, and instrumentalities of criminal activity are often concealed in digital form. Furthermore, digital camera technology is often used to capture images of tools and instrumentalities of pending criminal activity. Cell phones have both digital storage capacity and digital camera capabilities. Messaging applications have the capability to send and receive digital images captured by and stored on mobile devices.

b. Individuals who possess or own handguns or other weapons often discuss obtaining or hiding the handguns or other weapons.

c. A suspect's digital images sometimes show the suspects handling proceeds or other property taken during robberies.

d. Individuals who engage in robbery and carjacking often use mobile messaging to communicate with co-conspirators.

24.     Based on my knowledge, training, and experience, I know that TextNow, Inc. provides a variety of communication services. TextNow is a VOIP (Voice over Internet Protocol)



service that allows users to text and call any number in the United States and Canada. Users are able to purchase credits to make international long distance calls. TextNow provides the user with a real phone number to use, and can be used on any smart device with an Internet connections. The TextNow application can be used on multiple devices; smartphones, tablets, laptops, or desktops, including free calling and messaging, available on multiple platforms to include iOS and Android mobile devices as well as through an Internet browser. During the registration process, TextNow, Inc. asks subscribers to provide basic personal information. Therefore, the computers and data storage infrastructure of TextNow, Inc. are likely to contain stored electronic communications (including retrieved and unretrieved messages for TextNow, Inc. subscribers) and information concerning subscribers and their use of TextNow, Inc. services, such as account access information, message transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.   Based on my training and experience, I know that even if subscribers insert false information to conceal their identity, I know this information often provides indications of their true identity, location, or illicit activities.

25.     In my training and experience, communication service providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-ins (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the providers website or using a mobile application from a mobile device), and other log files that reflect usage of the account.   Indeed, returns from

7

a subpoena served on TextNow, Inc., received over approximately the past week indicate that TextNow has retained records of this kind associated with the Account.

26.     As explained herein, information stored in connection with a communications account may provide evidence of the criminal conduct under investigation. The information stored in connection with this messaging account can indicate who has used or controlled the account. Stored electronic data may include records of communications directly related to the crime and reveal the identities of the subject(s) involved in this investigation as well as their location(s).

27.     Thus, I believe that the fruits, instrumentalities, and evidence of the commercial armed robbery that occurred on February 23, 2018 will be found in the Account.

## CONCLUSION

Based on my knowledge, training, and experience and the facts set forth above, I respectfully submit there is probable cause to believe that offenses in violation of 18 U.S.C. § 1951 Hobbs Act Robbery, 18 § U.S.C. 371, conspiracy to commit Hobbs Act Robbery, and 18 § U.S.C. 924(c) possession of a firearm in a crime of violence were committed by JAMES ATKINSON. I further believe there is probable cause to believe that evidence, fruits, and instrumentalities of the foregoing violations are presently located within the Account.

18 - 1 4 2 4 BPG

*B Hee*

I respectfully request that the Court issue a warrant authorizing members of the FBI, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above described investigation, to search the Account, described in Attachment A, for the purpose of identifying electronically stored data described in Attachment B.

Respectfully submitted,

John M. Krajnak
Special Agent, Federal Bureau of Investigation

Subscribed and sworn to before me
this _11_ day of May _\_\_, 2018

Beth P. Gesner
UNITED STATES MAGISTRATE JUDGE

*BHW*

18 - 1 4 2 4 **BPG**

## ATTACHMENT A

### Property to be Searched

This warrant applies to information associated with the TextNow account associated with phone number 443-422-6118 (the "Account") stored at premises controlled by TextNow, Inc, a company that accepts service of legal process at 1 Sutter Street, Suite 800, San Francisco, CA 94104.



18 - 1 4 2 4 **BPG**

**ATTACHMENT B**

**Particular Things to be Seized**

1.    Information to be disclosed by TextNow, Inc. (the "Provider")

To the extent that the information described in Attachment A is within the possession,

custody, or control of the Provider, including any stored message content, records, files, logs, or

information that has been deleted but is still available to the Provider, or has been preserved

pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the

following information, in unencrypted form whenever available, to the government for the

Account described in Attachment A for February 1, 2018 until April 12, 2018:

   a.  The contents of all messages associated with the account, including stored or
       preserved copies of message sent to and from the account, draft messages, the source
       and destination addresses associated with each message, the date and time at which
       each message was sent, and the size and length of each message.

   b.  All records or other information regarding the identification of the account to include
       full name, physical address, telephone numbers and other identifiers, records of
       session times and durations, the date on which the account was created, the date on
       which the account was terminated, the length of service, the IP address used to
       register the account, log-in IP addresses associated with session times and dates,
       account status, alternative phone numbers or email addresses provided during
       registration, methods of connecting, log files, and means and source of payment
       (including any credit or bank account number);

   c.  The types of service utilized;

   d.  All records or other information stored at any time by an individual using the account,
       including address book, contact and buddy lists, calendar dates, pictures, and files;

   e.  All records pertaining to communications between the Provider and any person
       regarding the account, including contacts with support services and records of actions
       taken.

2.    Information to be seized by the government:

All information described above in Section 1 that constitutes fruits, evidence, and
instrumentalities of violations of 18 U.S.C. 1951, 371, and 924(c), those violations involving
JAMES ATKINSON and others and occurring between February 1, 2018 and April 12, 2018,

B /Aw

including, for the account listed in Attachment A, information pertaining to the following matters:

a. Any communication related to obtaining, possessing, or disposing of a firearm
b. Any communication related to the inception, planning, execution, or cover-up of the robbery of the Auto Budget LLC that occurred on February 23, 2018 at 4127 Sunnyside Avenue, Baltimore, Maryland 21215
c. Any communication referencing the victim business Auto Budget LLC
d. Any communication referencing the victim employee
e. Any communication related to the use or attempted use of the victim employee's stolen credit and debit cards
f. Any communication related to the attempted merchandise purchase on walmart.com
g. Evidence related to potential deletion of communications or other records after ATKINSON's arrest
h. Evidence indicating the message account user's state of mind as it related to the crime under investigation
i. The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).
j. The identities of person(s) who communicated with the user ID about matters related to the robbery, robbery proceeds, or handgun used in the robbery, including records that help reveal their whereabouts
k. Evidence indicating how and when the message account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and the message account owner.